UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHEENA LYNN TUBBS,
    Petitioner,

vs.                                      Case No.:  5:23cv284/MW/ZCB

RICKY DIXON,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, Sheena Lynn Tubbs, has filed a habeas corpus petition under 28 U.S.C. § 2254.  (Doc. 1).  Respondent has moved to dismiss, arguing that the petition was untimely filed.  (Doc. 14).  Petitioner has not responded to the motion, despite being invited to do so.  (Doc. 15).  For the reasons below, Respondent's motion to dismiss should be granted.[1]

### I.    Background

Petitioner was charged in Bay County Circuit Court with Second Degree Murder.  (Doc. 14-3 at 12).  She pleaded no contest on April 1,

---

[1] This matter can be resolved without an evidentiary hearing. Rule 8(a), Rules Governing Section 2254 Cases.

1

2016. (*Id*. at 50-51). That same day, the state court sentenced her to forty-five years in prison followed by a lifetime of probation. (*Id*. at 52-61, 77-93). Petitioner appealed, and the First District Court of Appeal ("First DCA") affirmed on September 15, 2016. (Docs. 14-4, 14-6, 14-7). Petitioner did not seek further direct appellate review.

On November 1, 2017, Petitioner filed a motion for state postconviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure. (Doc. 14-8 at 116-41). The trial court denied relief, and Petitioner appealed to the First DCA. (*see* Doc. 14-8 at 337-41, 368-70, 470-77; 496-502; Doc. 14-9). The First DCA affirmed on November 17, 2022, and its mandate issued on December 15, 2022. (Docs. 14-12, 14-13).

Petitioner then filed the current 28 U.S.C. § 2254 habeas corpus petition on October 2, 2023.[2] (Doc. 1 at 17). Respondent has moved to dismiss, arguing the petition was filed after expiration of the one-year

---

[2] Respondent mistakenly asserts that Petitioner filed her § 2254 petition on February 9, 2024. (Doc. 14 at 4, 6). Notwithstanding this mistake the § 2254 petition is still untimely for the reasons discussed below.

2

limitations period found in 28 U.S.C. § 2244(d)(1). (Doc. 14). And, as noted above, Petitioner has not offered any argument in opposition.

## II. Discussion

A one-year limitations period applies to the filing of a § 2254 habeas petition. 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute also includes a tolling provision that provides as follows: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

3

It appears undisputed that the trigger for the one-year period in this case is the date the judgment became final under § 2244(d)(1)(A). (Doc. 14 at 4-5). Petitioner's judgment became final when the ninety-day window to seek review in the Supreme Court of the United States closed. *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006). That ninety-day period began on September 15, 2016—the date the First DCA affirmed Petitioner's conviction and sentence. Petitioner's conviction became final ninety days later, on December 14, 2016. *See id.* (finding that the one-year period began to run ninety days from the date the state appellate court issued its judgment and not from the date the mandate issued). The clock for the federal limitations period started running the next day, December 15, 2016. *See* Fed. R. Civ. P. 6(a) (stating that when computing a time period for the occurrence of an event specified by the law, the Court should "exclude the day of the event that triggers the period").

The clock ran for 321 days and then it stopped, on November 1, 2017, when Petitioner filed a tolling motion (i.e., the Rule 3.850 motion). *See* 28 U.S.C. § 2244(d)(2) (tolling the time period during the pendency of a state court motion for postconviction relief). The clock began running

4

again on December 16, 2022, the day after the First DCA's mandate issued in Petitioner's appeal from the denial of his Rule 3.850 motion. (Doc. 14-13); *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (holding that the federal clock starts running when the state appellate court's mandate issues on an opinion affirming the denial of a state postconviction motion); *Bismark v. Sec'y, Dep't of Corr.*, 171 F. App'x 278, 280 (11th Cir. 2006) (finding that the "limitation period remained tolled until the state appellate court issued its mandate affirming the denial of the Rule 3.850 motion"). The clock then ran for 44 days until the one-year time period expired on January 29, 2023 (321 days + 44 days = 365 days).

Petitioner did not file her § 2254 petition until October 2, 2023. (Doc. 1). Because October 2, 2023, came after January 29, 2023, the petition was untimely. Petitioner has not argued that any recognized exception excuses her failure to timely file her § 2254 petition. Nor are there any exceptions readily apparent from the record. Because Petitioner filed her § 2254 petition after the one-year period in 28 U.S.C. § 2244(d)(1) had expired, her petition was untimely. It is, therefore, subject to dismissal with prejudice. *See generally Jeffus v. Sec'y, Fla.*

5

*Dep't of Corr.*, 759 F. App'x 773, 775 (11th Cir. 2018) (recognizing that the dismissal of a § 2254 petition as untimely "constitutes a dismissal with prejudice on the merits").

### III.  Conclusion

For the reasons above, this matter should be dismissed because the petition for habeas relief under 28 U.S.C. § 2254 was untimely filed.

### IV.  Certificate of appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether

6

the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his [or her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). Petitioner cannot make that showing in this case. Therefore, the undersigned recommends denying a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if either party wishes to submit arguments on the issue of a certificate of appealability that party may do so in an objection to this Report and Recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Respondent's motion to dismiss (Doc. 14) be **GRANTED**.

2. The 28 U.S.C. § 2254 petition for habeas corpus (Doc. 1) be **DISMISSED with prejudice** as untimely.

3. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 3rd day of September 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.